# THE LAW OFFICES OF
# JOSEPH Z. AMSEL, PLLC

ATTORNEY AT LAW

43 WEST 43ᴿᴰ STREET, SUITE 265, NEW YORK, NY 10036
TELEPHONE:   888-558-7425   FAX:   212-437-9844
EMAIL: JZAMSEL@AMSELLAW.COM   WEB: WWW. AMSELLAW.COM

January 19, 2022

The Honorable Denis R. Hurley
United States District Court for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re Request for Leave to File Motion Pursuant to FRCP Rule 55(c) and for Pre-Motion Conference, *Geis v. Delahunt*, 2:20-cv-03834-DRH-JMW**

Dear Judge Hurley:

I write to seek leave of the Court to file a motion pursuant to FRCP Rule 55(c) to vacate the default in this matter and to request a pre-motion conference consistent with sections 3(A) and (B) of this Court's Individual Practices or to set a motion schedule for Defendant to file this motion.

FRCP Rule 55(c) provides that the "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." While the Rule does not define the term "good cause," it should be "construed generously," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), because the "entry of a judgment by default [is a] drastic remed[y], and should be applied only in extreme circumstances." *Ind. Prod. Corp. v. Loew's Inc.*, 283 F.2d 730, 733 (2d Cir.1960).

In evaluating "good cause," there are three established "criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron*, 10 F.3d at 96. "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.* Courts also consider such factors as whether the grounds for default are clearly established; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; the amount of money at stake in the action; and whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant. *See Getty Images (US) Inc. v. Advernet, Inc.*, 797 F. Supp. 2d 399, 411–12 (S.D.N.Y. 2011) citing *Enron*, 10 F.3d at 96; 10A Charles Alan Wright & Arthur R. Miller, § 2685.

**Re Request for Leave to File Motion Pursuant to FRCP Rule 55(c) and for Pre-Motion Conference, *Geis v. Delahunt*, 2:20-cv-03834-DRH-JMW**

Although "the factors examined in deciding whether to set aside a default [under FRCP Rule 55(c)] or a default judgment [under FRCP Rule 60] are the same, courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron*, 10 F.3d at 96 citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

The disposition of a motion to vacate a default judgement is left within the sound discretion of the court. *Enron*, 10 F.3d at 95. However, in keeping with the Second Circuit's "[s]trong public policy favor[ing] resolving disputes on the merits," *American Alliance Ins. Co. v. Eagle Ins. Co*., 92 F.3d 57, 61 (2d Cir.1996), the district court's discretion is "not unlimited" and the Second Circuit has reversed such exercise of discretion "even where the abuse was not glaring." *Enron*, 10 F.3d at 95 citing *Davis v. Musler*, 713 F.2d 907, 913 (2d Cir.1983); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983).

Here, Defendant will be able to establish that he is entitled to vacatur of the certificate of default entered on April 14, 2021 (ECF Doc. No. 14) for several reasons.

First, with respect to the meritorious defense factor, Plaintiff has sued Mr. Delahunt in his personal capacity and not the corporation, MDC Home Improvements, Inc., on whose behalf he allegedly acted. *See* Complaint at par. 7-9 (ECF No. 1); *see also*, *e.g.*, Exhibits B to Complaint (ECF Doc. No. 1-3) at 4. This raises two significant problems. One, this constitutes an unwarranted piercing of the corporate veil and, two, this means that Plaintiff has failed to join a necessary party, MDC, as required by FRCP Rule 19.

It is well-established that a "party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene." *Morris v. New York State Dep't of Tax'n & Fin*., 82 N.Y.2d 135, 142 (1993). The indicia of a situation warranting piercing the corporate veil includes:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

*See Passalacqua Bldrs. v. Resnick Devs. S.*, 933 F.2d 131, 139 (2d Cir. 1991); *see also*, *Shisgal v. Brown*, 21 A.D.3d 845, 848 (1st Dept. 2005). Here, by contrast, none of these factors are evident and Plaintiff failed to plead sufficient facts that warrant piercing the corporate veil and holding Plaintiff personally responsible for what amounts to a breach of contract claim against MDC masquerading as a purported fraud. Indeed, the sole allegation related to Mr. Delahunt's role on behalf of MDC, much less that he abused the corporate form, is that he "is (i) MDC's president; (ii) MDC's contact with Geis; and, (3) upon information and belief, MDC's sole shareholder and

**Re Request for Leave to File Motion Pursuant to FRCP Rule 55(c) and for Pre-Motion Conference, *Geis v. Delahunt*, 2:20-cv-03834-DRH-JMW**

employee, [and] MDC effectively delegated these duties to Delahunt." *See* Complaint at par. 60 (ECF Doc. No. 1 at 12). These allegations alone, however, do not justify piercing the corporate veil and holding Mr. Delahunt personally liable in this case. At the very least, Mr. Delahunt should be afforded the opportunity to challenge the factual allegations set forth in the complaint.

Moreover, equity does not require holding Mr. Delahunt *personally* liable for millions in damages, especially on a default judgement and in light of the Second Circuit's long-standing preference for cases to be decided on the merit. After all, Plaintiff has already sought and obtained an award of nearly *ten million dollars* against MDC in an arbitration. Plaintiff is in the process of confirming that Award before this Court. *See Geis Construction South, LLC v. MDC Home Improvements, Inc.*, EDNY Dkt. 2:21-cv-02407-LDH-ST (Judge LaShann DeArcy Hall, presiding) (ECF Doc. No. 1-4) at 4. Thus, justice does not warrant piercing the corporate veil and holding Mr. Delahunt personally liable for millions of dollars, especially when doing so would result in Plaintiff obtaining a windfall, double recovery for the same alleged wrong.

In this vein, this action is also subject to dismissal under FRCP Rule 19 given Plaintiff's failure to join MDC in this action, which is a necessary and indispensable party. And while the contract permitted Plaintiff to initiate an arbitration proceeding against MDC in its "sole discretion," *see* ECF Doc. No. 1-3 at 10 (§ 10.8), its choice to do so first and then simultaneously seek a double recovery against Mr. Delahunt personally in a separate proceeding cannot be squared with FRCP Rule 19's clear purpose of avoiding precisely this kind of redundant, piecemeal litigation and potentially inconsistent and double recovery. *See, Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 109–10 (1968) (The purpose of FRCP Rule 19 is to avoid multiple litigation, "inconsistent relief, or sole responsibility for a liability [a party] shares with another.")

With respect to the alleged "willfulness" of the default here, without waiving any privilege and upon information and belief, in the last year-plus, Mr. Delahunt has endured significant personal tumult. Should this Court grant leave for Plaintiff to file the motion to vacate the default, Plaintiff can provide further amplification within the bounds of privilege and under seal that is relevant for evaluating the purported "willfulness" factor in light of these life events.

Finally, by this Court granting Defendant's motion to vacate the default, no prejudice would flow to Plaintiff. Instead, Plaintiff would simply be in the same position of *every* plaintiff in *every* case – they would have the burden of establishing their claims.

Based on the foregoing, Plaintiff submits that he has established that his motion under FRCP Rule 55(c) has merit. Accordingly, this Court is respectfully requested to schedule a pre-motion conference or simply set a motion schedule for Defendant to make the above-described motion. Furthermore, should this Court grant leave to file this motion, Defendant requests that this Court stay the deadline to file any objections to the Magistrate's Report and Recommendation, currently due on January 28, 2022, pending the disposition of this motion.


Respectfully submitted,

/s/ Joseph Z. Amsel, Esq.


**CC:** *To All Appearing Counsel Via ECF*