UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEIS CONSTRUCTION SOUTH, LLC, | **NOTICE OF MOTION TO VACATE CERTIFICATE OF DEFAULT PURSUANT TO FRCP 55(C)** |
| -against- | |
| JAMIE DELAHUNT, | |
| Defendant. | **2:20-cv-03834-DRH-JMW** |

PLEASE TAKE NOTICE that, upon the annexed Declaration of JOSEPH Z. AMSEL, ESQ. and upon the annexed papers and memorandum of law, the undersigned will move this Court at the courthouse located at 100 Federal Plaza, Central Islip, NY 11722, on April 11, 2022 or at whatever date this Court designates, at the opening of court on that day or as soon thereafter as counsel can be heard, for an order:

1. Vacating the Certificate of Default Pursuant to FRCP Rule 55(c);
2. Rejecting the Magistrates Report and Recommendation;
3. Granting such other relief as this Court may deem proper.

Dated:      March 16, 2022

Yours, etc.

/s/ JOSEPH Z. AMSEL
*Attorney for the Defendant*
Law Offices of Joseph Z. Amsel, PLLC
43 West 43rd Street, Suite 265
New York, NY 10036
Phone: 888-558-7425
Email: JZAmsel@AmselLaw.com

CC:  *To All Appearing Counsel Via ECF*

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GEIS CONSTRUCTION SOUTH, LLC,

-against-

JAMIE DELAHUNT,

Defendant.

**ATTORNEY
DECLARATION IN
SUPPORT OF MOTION
TO VACATE
CERTIFICATE OF
DEFAULT PURSUANT
TO FRCP 55(C)**

**2:20-cv-03834-DRH-JMW**

JOSEPH Z. AMSEL, an attorney admitted to practice law in the courts of this State, hereby affirms under penalty of perjury that the following statements are true, except for those made upon information and belief, which I believe to be true:

1.     I am the principle of the Law Offices of Joseph Z. Amsel, PLLC, the attorney of record for the defendant, Jamie Delahunt.  I am familiar with the facts of this case and make this affirmation in support of defendant's motion.  Unless otherwise specified, all allegations of fact are based upon information and belief, the sources of which include inspection of the record of the case, conversations with opposing counsel, and counsel's own investigations.

## PROCEDURAL BACKGROUND

2.     This action was commenced on August 28, 2020, with Plaintiff's filing a summons and complaint.  *See* ECF Doc. No. 1, 5.

3.     Plaintiff purportedly served Defendant personally on or about September 14, 2020.  *See* ECF Doc. No. 10.

4.      On April 14, 2021, Plaintiff requested a certificate of default, which was granted that same date.  *See* ECF Doc. No. 13, 14.

5.      On April 26, 2021, Plaintiff moved for a default judgement.  *See* ECF Doc. No. 15.  On April 27, 2021, this action was referred to a Magistrate Judge.  *Id.*

6.      On December 2, 2021, the Magistrate issued a Report and Recommendation recommending to this Court that a default judgement be entered. *See* ECF Doc. No. 19.

7.      On December 10, 2021, I appeared as counsel.  On the same date, I requested of this Court that it hold any objections to the Report and Recommendation in abeyance for 45 days so that I could become acclimated with the facts of the case and make the instant motion.  *See* ECF Doc. No. 22.  This Court granted that application the following day.

8.      On January 19, 2022, consistent with this Court's rules, Defendant filed a pre-motion letter outlining the basis for the instant motion.  *See* ECF Doc. No. 23.

9.      On January 26, 2022, Plaintiff filed its opposition to Defendant's pre-motion letter.  *See* ECF Doc. No. 24.

10.     On January 27, 2022, this Court issued a scheduling order setting forth a briefing schedule for the instant motion.  By that order, the parties were required to brief any objections to then Report and Recommendation as well as any application to vacate the certificate of default.  *See* ECF Scheduling Order.

11.     On February 11, 2022, Defendant requested a 30-day extension to file the instant motion and any objections to the Report and Recommendation, which the Court granted.  *See* ECF Doc. No. 25.  By that order, Defendant's brief was now due on March 16, 2022.

12.    Annexed to this motion is a declaration by Defendant, Mr. Jamie Delahunt, in support of this motion.  For the reasons stated in Defendant's annexed memorandum of law, Defendant respectfully requests that Defendant's memorandum of law be sealed.

13.    For the reasons stated in the annexed memorandum of law, Defendant respectfully requests that this Court vacate the Certificate of Default and permit Defendant to file an answer to this suit and to defend on the merits.

Dated:        March 16, 2022

Yours, etc.

/s/ JOSEPH Z. AMSEL
*Attorney for the Defendant*
Law Offices of Joseph Z. Amsel, PLLC
43 West 43rd Street, Suite 265
New York, NY 10036
Phone: 888-558-7425
Email: JZAmsel@AmselLaw.com

CC:  *To All Appearing Counsel Via ECF*

**2:20-cv-03834-DRH-JMW**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

GEIS CONSTRUCTION SOUTH, LLC,

*Plaintiff,*

*Against*

JAMIE DELAHUNT,

*Defendant.*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE CERTIFICATE OF DEFAULT PURSUANT TO FRCP 55(C)

Law Office of Joseph Z. Amsel, PLLC
Joseph Z. Amsel, Esq.
*Attorney for Defendant*
43 West 43rd Street, Suite 265
New York, NY 10036
O: 888-558-7425
F: 212-437-9844
JZAmsel@AmselLaw.com

## <u>Table of Contents</u>

**Introduction:**................................................................................................1

**The Standard:**...............................................................................................1

**Meritorious Defense:**.................................................................................3

**Prejudice to Plaintiff:**...............................................................................7

**Willfulness of the Default:**........................................................................9

**Other Equitable Factors:**.........................................................................11

**Objections to the Report and Recommendation:**....................................12

**Motion to Seal Defendant's Declaration and Redact this Branch of Defendant's Motion:**...................................................................................12

**CONCLUSION**...........................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Accord Int'l Cargo & Sur. Ins. Co. v. Mora Textiles Corp.*, 1991 WL 120359, *3
    (S.D.N.Y. June 21, 1991) ................................................................2, 9

*Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir.1988)...............................5

*American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir.1996) .. 2, 3, 9,
    11

*Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983) ...................................... 2, 3, 8, 9

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)..................... 1, 2, 3, 9

*Getty Images (US) Inc. v. Advernet, Inc.*, 797 F. Supp. 2d 399, 411–12 (S.D.N.Y.
    2011) ..............................................................................................................3

*HICA Educ. Loan Corp. v. Feintuch*, 2013 WL 1898997, *4 (E.D.N.Y 2013) ......10

*Holland v. James*, 2008 WL 3884354, at *2 (S.D.N.Y. 2008)..................................9

*In re Sims*, 534 F.3d 117, 134 (2d Cir. 2008) ...........................................................13

*Ind. Prod. Corp. v. Loew's Inc.*, 283 F.2d 730, 733 (2d Cir. 1960).........................1

*Koch v. Cox*, 489 F.3d 384, 391 (D.C. Cir. 2007) ...................................................13

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ....................13

*Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ..............................................3, 9

*Morris v. New York State Dep't of Tax'n & Fin.*, 82 N.Y.2d 135, 142 (1993).........4

*Murray Engineering, P.C. v. Windermere Properties LLC*, 2013 WL 1809637, *5
    (S.D.N.Y 2013)....................................................................................8, 10

*Mut. Marine Off., Inc. v. Transfercom Ltd.*, 2009 WL 1025965, at *4 (S.D.N.Y.
    Apr. 15, 2009)..............................................................................................13

*Passalacqua Bldrs. v. Resnick Devs. S.*, 933 F.2d 131, 139 (2d Cir. 1991).............4

*Pierot v Leopold*, 154 A.D.3d 791 (2d Dept. 2017) ...............................................10

*Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 109–10 (1968) 6

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 123 (1968) ..6

*Raheim v. New York City Health and Hosps. Corp.*, 2007 WL 2363010, at *3
    (E.D.N.Y. 2007) .............................................................................................9

*Shisgal v. Brown*, 21 A.D.3d 845, 848 (1st Dept. 2005) ...........................................4

*Sony Corp. v. Elm State Elecs.*, Inc., 800 F.2d 317, 319 (2d Cir.1986) ...................9

*Taizhou Zhongneng Import and Export Co., Ltd v. Koutsobinas*, 509 Fed. Appx.
    54, 56 (2d. Cir. 2013) .....................................................................................5

*Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983). ....................................................3

*Ward v. Ramkalawan*, 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013)............8

**Rules**

FRCP Rule 19 ................................................................................... 4, 5, 6, 7

FRCP Rule 5.2(d)...............................................................................................13

FRCP Rule 55(c)..............................................................................................1, 3

FRCP Rule 60 ...........................................................................................................3
**Treatises**
10A Charles Alan Wright & Arthur R. Miller, § 2685..............................................3

**Introduction:**

Defendant Jamie Delahunt submits this memorandum of law in support of his motion to vacate the certificate of default entered on April 14, 2021.  For the reasons set forth below, Defendant has demonstrated "good cause" under FRCP Rule 55(c) entitling him to vacatur of the certificate of default.  Indeed, as set forth below, granting Defendant's motion is in the interest of justice, judicial economy, and would further the well-established preference of the Second Circuit to have cases decided on the merits.

**The Standard:**

Rule 55(c) of the Federal Rules of Civil Procedure provides that the "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  While the Rule does not define the term "good cause," the Second Circuit has held that it must be "construed generously," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), because the "entry of a judgment by default [is a] drastic remed[y], and should be applied only in extreme circumstances."  *Ind. Prod. Corp. v. Loew's Inc*., 283 F.2d 730, 733 (2d Cir. 1960).

In evaluating "good cause," there are three established "criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment.  These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether

a meritorious defense is presented." *Enron*, 10 F.3d at 96.  It is well-established, that a court may grant a motion to vacate a default even where a party has failed to establish *all* of these three criteria.  *See American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (Gross negligence, even if it rises to the level of willfulness, "can weigh against the party seeking relief from a default judgment, *though it does not necessarily preclude relief.*"); *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983) (emphasis added) (Court vacated default judgment despite the fact that the record was unclear on whether the defendant acted willfully); *Accord Int'l Cargo & Sur. Ins. Co. v. Mora Textiles Corp.*, 1991 WL 120359, *3 (S.D.N.Y. June 21, 1991) ("[E]ven if [the] default were willful, the other two factors in the three-factor test support a decision to vacate the default judgment here.")

In addition to the three traditional factors, courts consider "[o]ther relevant equitable factors" such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96.  Courts also consider such factors as whether the grounds for default are clearly established; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; the amount of money at stake in the action; and whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.  *See Getty Images (US) Inc. v. Advernet, Inc.*, 797 F. Supp. 2d

399, 411–12 (S.D.N.Y. 2011) citing *Enron*, 10 F.3d at 96; 10A Charles Alan Wright & Arthur R. Miller, § 2685.

Although "the factors examined in deciding whether to set aside a default [under FRCP Rule 55(c)] or a default judgment [under FRCP Rule 60] are the same, courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron*, 10 F.3d at 96 citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

The disposition of a motion to vacate a default judgement is left within the sound discretion of the court. *Enron*, 10 F.3d at 95.  However, in keeping with the Second Circuit's "[s]trong public policy favor[ing] resolving disputes on the merits," *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir.1996), the district court's discretion is "not unlimited" and the Second Circuit has reversed such exercise of discretion "even where the abuse was not glaring." *Enron*, 10 F.3d at 95 citing *Davis v. Musler*, 713 F.2d 907, 913 (2d Cir.1983); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983).

**Meritorious Defense:**

With respect to the meritorious defense factor, Plaintiff has sued Mr. Delahunt in his personal capacity and not the corporation, MDC Home Improvements, Inc., on whose behalf he allegedly acted.  *See* Complaint at par. 7-9 (ECF Doc. No. 1);

*see also*, *e.g.*, Exhibits B to Complaint (ECF Doc. No. 1-3) at 4. This raises two significant problems. One, this constitutes an unwarranted piercing of the corporate veil and, two, this means that Plaintiff has failed to join a necessary party, MDC, as required by FRCP Rule 19.

It is well-established under New York law that a "party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene." *Morris v. New York State Dep't of Tax'n & Fin.*, 82 N.Y.2d 135, 142 (1993). The indicia of a situation warranting piercing the corporate veil includes:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

*See Passalacqua Bldrs. v. Resnick Devs. S.*, 933 F.2d 131, 139 (2d Cir. 1991); *see also*, *Shisgal v. Brown*, 21 A.D.3d 845, 848 (1st Dept. 2005).

While a claim for fraud can be a basis to pierce the corporate veil, *Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir.1988), these allegations must be sufficiently plead. *Taizhou Zhongneng Import and Export Co., Ltd v. Koutsobinas*, 509 Fed. Appx. 54, 56 (2d. Cir. 2013) (A default "only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant.").

Here, by contrast, Plaintiff has failed to plead sufficient facts to warrant piercing the corporate veil and holding Defendant personally responsible for what amounts to a breach of contract claim against MDC masquerading as a purported fraud. Indeed, the sole allegation related to Mr. Delahunt's role on behalf of MDC, much less that he abused the corporate form, is that he "is (i) MDC's president; (ii) [that he signed] MDC's contact with Geis; and, (3) [that he is] MDC's sole shareholder and employee, [and (4) that] MDC effectively delegated these duties to Delahunt." *See* Complaint at par. 60 (ECF Doc. No. 1 at 12). These allegations alone, however, are insufficient to establish that Defendant abused the corporate form such that it would be proper to pierce the corporate veil and hold him personally liable here.

Defendant also has a meritorious basis to dismiss this action under FRCP Rule 19 because Defendant's company, MDC, is a necessary and indispensable party that

Plaintiff failed to join in this action.  The Supreme Court has found that under Rule 19, necessary parties are:

> Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.  These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 123 (1968).  The Court defined an "indispensable" party as:

> Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.

*Id.*  Indeed, the purpose of FRCP Rule 19 is to avoid multiple litigation, "inconsistent relief, or sole responsibility for a liability [a party] shares with another."  *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 109–10 (1968).

Here, unquestionably, under this standard, MDC a necessary and indispensable party under Rule 19.  After all, Geis' contract is with MDC, on whose behalf Defendant allegedly acted.  Indeed, Plaintiff has already sought and obtained a nearly *ten-million-dollar* arbitration award against MDC for the *same* conduct alleged in this case, which Plaintiff is in the process of separately confirming before

this Court. *See Geis Construction South, LLC v. MDC Home Improvements, Inc.*, EDNY Dkt. 2:21-cv-02407-LDH-ST (Judge LaShann DeArcy Hall, presiding) (ECF Doc. No. 1-4) at 4; *see also*, ECF Doc. No. 18.  Thus, by Plaintiff seeking and obtaining an arbitration award against MDC, they have clearly established that MDC shares responsibility along with Mr. Delahunt for the alleged conduct here.  Thus, by Plaintiff's own doing (and based on the allegations), MDC is clearly a necessary and indispensable party under Rule 19.

Furthermore, by obtaining the arbitration award and separately filing the instant action against Mr. Delahunt personally, Plaintiff has created a risk of inconsistent awards, which is precisely what Rule 19 is designed to avoid.  And while the contract permitted Plaintiff to initiate an arbitration proceeding against MDC in its "sole discretion," *see* ECF Doc. No. 1-3 at 10 (§ 10.8), its choice to do so first and then simultaneously seek a double recovery against Mr. Delahunt personally here cannot be squared with FRCP Rule 19's clear purpose of avoiding precisely this kind of redundant, piecemeal litigation and potentially inconsistent and double recovery.  *See Provident Tradesmens Bank & Tr. Co.*, 390 U.S. at 109–10.

Thus, Defendant has established multiple meritorious defense to this action. Accordingly, for that reason alone, this Court should vacate the certificate of default and permit Defendant to interpose an answer.

**<u>Prejudice to Plaintiff:</u>**

In analyzing the prejudice-to-the-plaintiff prong, by this Court granting Defendant's motion to vacate the certificate of default, no prejudice would flow to Plaintiff. In the context of vacating a default judgment, courts have found that "[i]n order to show the requisite level prejudice, the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated." *Murray Engineering, P.C.*, 2013 WL at *5. Courts have further held that "[p]rejudice results when delay causes 'the loss of evidence, create increased difficulties of discovery or provide greater opportunity for fraud and collusion.'" *Ward v. Ramkalawan*, 2013 WL 1149108, at *5 (E.D.N.Y. Feb. 11, 2013) quoting *Davis*, 713 F.2d at 916. Thus, "delay alone is not a sufficient basis for establishing prejudice." *Id*.

Here, no prejudice would flow to Plaintiff because if this Court vacates the certificate of default, Plaintiff would be in the same position that they would have been had Defendant responded when this action was initially filed. Indeed, given that the pandemic was raging in New York City at the time this action was filed in August 2020, this case would have been significantly delayed in any event. Thus, the delay alone of this case is hardly sufficient to warrant denying the instant motion. Accordingly, because no prejudice will flow to Plaintiff as a result of this Court granting the instant motion, the "prejudice" factor militates in favor of this Court granting the motion.

**Willfulness of the Default:**

The "willfulness" of the default factor also militates in favor of this Court granting Defendant's motion to vacate the certificate of default.  Typically, in deciding a motion to vacate a default, courts weigh whether the party was willful in their failure to respond.  Courts consider whether "there is evidence of bad faith" or "egregious or deliberate conduct" that led to the default.  *Holland v. James*, 2008 WL 3884354, at *2 (S.D.N.Y. 2008) quoting *American Alliance*, 92 F.3d at 60–61). Because default judgments are generally disfavored, courts "resolve any doubt about [a defendant's] willfulness in his favor." *Raheim v. New York City Health and Hosps. Corp.*, 2007 WL 2363010, at *3 (E.D.N.Y. 2007) citing *Enron,* 10 F.3d at 98. Further, "the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277.

Significantly, courts have found that defendants need not definitively prove that they had not acted willfully, and even if they had, this fact is not dispositive. S*ee Sony Corp. v. Elm State Elecs*., Inc., 800 F.2d 317, 319 (2d Cir.1986).  In any event, the "willfulness" factor is but *one* of the various factors courts consider.  *See American Alliance*, 92 F.3d at 61; *Davis*, 713 F.2d at 915; *Accord Int'l Cargo*, 1991 WL 120359 at 3.

In determining whether a party willfully defaulted, courts have found that factors such as illness of the defaulting party or their counsel, and personal

difficulties may excuse a defaulting party's conduct.  For example, in *HICA Educ. Loan Corp. v. Feintuch*, a Judge of this Court found that a defendant was not willful in his failure to respond to a complaint because his three-year-old child had fallen ill and father had recently passed.  *HICA Educ. Loan Corp. v. Feintuch*, 2013 WL 1898997, \*4 (E.D.N.Y 2013).  The court found that he was "understandably distracted" by his personal circumstances, and thus his failure to respond was not willful.  *Id.; see also*, *Murray Engineering, P.C. v. Windermere Properties LLC*, 2013 WL 1809637, \*5 (S.D.N.Y 2013) (Court found that defendant had not willfully defaulted because he was confused about the nature of the complaint and because his attorney had forgotten about the lawsuit due to his son's health problems); *Pierot v Leopold*, 154 A.D.3d 791 (2d Dept. 2017) (Court held that motion to vacate default judgment was properly granted based on attorney's mental health issues).

Here, as Mr. Delahunt sets forth in his annexed Declaration, at the time that this action was commenced, even assuming *arguendo* he was aware of its existence, he was going through an extremely emotional and turbulent time.  Specifically, his marriage was in the process of collapsing and he was seeking the assistance of a mental health professional to manage the effects of his ADHD and post-traumatic stress disorder.  The effects of these conditions were even further exacerbated by the COVID-19 pandemic and his martial troubles.  The net effect of the confluence of these conditions and events was that Mr. Delahunt was simply incapable of dealing

with the instant lawsuit.  Under these circumstances, Mr. Delahunt's failure to timely respond to this lawsuit was not a willful flouting of this Courts jurisdiction.  In any event, even assuming *arguendo* it was, which Defendnat does not concede, given that all other factors militate in favor of granting the instant motion, the purported willfulness alone of the default should not outweigh all other factors – especially, where no prejudice flows to Plaintiff.  *See supra*.

**<u>Other Equitable Factors:</u>**

Other equitable factors also militate in favor of vacating the certificate of default.  For example, if the arbitration award is any indication, Plaintiff is claiming nearly *ten million dollars* in damages, despite claiming only a quarter of that in the complaint.  *Compare* ECF Doc. No. 1 *with* 15-2.  Whatever the precise amount, Plaintiff seeks to hold Mr. Delahunt personally liable for *millions of dollars.*  Given the significance of this potential award, and consistent with the Second Circuit's long-standing preference that cases be decided on their merits, *American Alliance*, 92 F.3d at 61, equity demands that the default be vacated.

Furthermore, given that Plaintiff has already obtained an arbitration award against MDC, permitting Plaintiff to enter a default judgement would result in Plaintiff obtaining a windfall, double recovery for the same alleged wrong.

**Objections to the Report and Recommendation:**

This objection is timely given this Court's order that Defendant file the objections to the Report and Recommendation together with the instant motion to vacate the certificate of default by March 16, 2022.

Defendant herein incorporated by reference all arguments set forth above and submits that these arguments also constitute a basis to reject to the Magistrate's Report and Recommendation.  Although Defendant did not participate in any litigation before the Magistrate with respect to the motion for a default judgement, given the facts and circumstances set forth in this motion, the Magistrate's finding that (1) no meritorious defense existed; (2) that the default was willful; and (3) that Plaintiff would suffer prejudice if a default was not entered was clearly erroneous. Accordingly, for the reasons set forth herein, this Court should reject the Report and Recommendation.

**Motion to Seal Defendant's Declaration and Redact this Branch of Defendant's Motion:**

Defendant also moves this Court to permit him to file under seal his Declaration and and to redact this branch of this memorandum because doing so would protect his privacy interests and would not prejudice Plaintiff.

It is well-established that judicial documents may be sealed, "[n]otwithstanding the presumption of access under both the common law and the

First Amendment, [judicial] documents may be kept under seal if countervailing factors in the common law framework or higher values in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  Such "countervailing factors" include, but are not limited to, "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. (internal quotations omitted).; *see also*, *Mut. Marine Off., Inc. v. Transfercom Ltd*., 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009).

Here, Defendant's Declaration references his mental health diagnosis and treatment.  Plainly, this information implicates a privacy interest.  Furthermore, by this information becoming public, Defendant faces public embarrassment, stigma and possible pecuniary harm due to revealing his mental health diagnosis.[1]  Finally, Plaintiff will not be prejudiced by this Court sealing Defendant's Declaration and this portion of this memorandum.  Accordingly, Defendant respectfully requests the sealing of these documents and portion of this memorandum in the interest of justice and pursuant to FRCP Rule 5.2(d).

---

[1] Defendant, however, does not waive any privilege related these diagnosis as he has not placed them in issue related to any material aspect of the merits of this case.  The general information related to his conditions and personal circumstances at the time that this action was filed is being offered *solely* as a contextual explanation related to Plaintiff's claim that the default was "willful." *See In re Sims*, 534 F.3d 117, 134 (2d Cir. 2008) (psychotherapist-patient privilege is not forfeited by party "merely stating that he suffers from a condition such as depression or anxiety for which he does not seek damages."); *see also*, *Koch v. Cox*, 489 F.3d 384, 391 (D.C. Cir. 2007).

## **<u>CONCLUSION</u>**

Based on the foregoing, Plaintiff submits that he has established that he is entitled to vacatur of the Certificate of Default under FRCP Rule 55(c) has merit. Accordingly, this Court is respectfully requested to vacate the Certificate of Default and permit Defendant to answer the suit and to defend it on the merits.

Dated: March 16, 2022

Respectfully submitted,

/s/ Joseph Z. Amsel, Esq.

*To All Appearing Counsel Via ECF*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GEIS CONSTRUCTION SOUTH, LLC,

-against-

JAMIE DELAHUNT,

Defendant.

**DECLARATION OF
JAMIE DELAHUNT**

**2:20-cv-03834-DRH-JMW**

COUNTY OF _Nassau_  :
STATE OF NEW YORK:

I, JAMIE DELAHUNT, hereby affirm under penalty of perjury that the following statements are true, except for those made upon information and belief, which I believe to be true:

1. I am the Defendant in the above captioned action.

2. In or about September 2020, I became aware of a lawsuit that was filed against me.

3. At the time, I was on the verge of getting divorced from my wife of approximately 13 years, with whom I have three children. The pandemic also added significantly to the pressures of my personal life.

4. These external stresses also significantly exacerbated my pre-existing mental health diagnosis, including my ADHD and complex post-traumatic stress disorder (C-PTSD).

5. As a result, I sought the help of a mental health professional to help me deal with these various issues.

1

6.     When I became aware of a default judgment against me in this case in December 2021, I immediately retained counsel and began to deal with this lawsuit.

7.     I respectfully submit that that above circumstances constitute good cause to vacate the certificate of default. I, therefore, respectfully request that this Court grant me the opportunity to defend this lawsuit on its merits and to not enter a default judgement against me personally.

Dated: _MARCH 16_____, 202_2_

_____
JAMIE DELAHUNT

On the _16TH_ day of _MARCH_____, 202_2_, before me personally came to me known, and known to me to be the same person described in and who executed the foregoing consent and acknowledged to me that   he executed the same.

_____
NOTARY PUBLIC

JOSEPH M OSSANDON
Notary Public - State of New York
NO. 01OS6160324
Qualified in Nassau County
My Commission Expires May 5, 2023

2