UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GEIS CONSTRUCTION SOUTH, LLC,

                              Plaintiff,            **MEMORANDUM & ORDER**
                                                    20-CV-3834 (MKB) (JMW)

              v.

JAIME DELAHUNT,

                              Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Geis Construction South, LLC, commenced the above-captioned action against

Defendant Jaime Delahunt on August 20, 2020, alleging that Defendant fraudulently induced

Plaintiff to enter into two subcontracts with Defendant's company MDC Home Improvements,

Inc. ("MDC"), a non-party.  (*See generally* Compl., Docket Entry No. 1.)  Plaintiff brings two

counts of fraudulent inducement, the first relating to a false surety letter, and the second

regarding fraudulent lien waivers.  (Compl. ¶¶ 48–80.)  Defendant did not file an answer or

otherwise respond to Plaintiff's Complaint, and Plaintiff requested a certificate of default from

the Clerk's office.  (Pl.'s Req. for Certificate of Default, Docket Entry No. 13.)  On April 14,

2021, the Clerk entered a certificate of default and Plaintiff moved for default judgment on April

26, 2021.  (Clerk's Entry of Default, Docket Entry No. 14; Pl.'s Mot. for Default J., Docket

Entry No. 15.)  On April 27, 2021, the Court referred Plaintiff's motion to Magistrate Judge A.

Kathleen Tomlinson for a report and recommendation, and the motion subsequently was

randomly reassigned to Magistrate Judge James M. Wicks.  (Order dated Apr. 27, 2021; Order

dated Nov. 18, 2021.)

By report and recommendation dated December 12, 2021, Judge Wicks recommended that the Court grant Plaintiff's motion for a default judgment against Defendant (the "December 2021 R&R").  (Dec. 2021 R&R 10, Docket Entry No. 9.)  Defendant appeared in this matter eight days later, represented by counsel.  Defendant then filed this motion to vacate the certificate of default on April 11, 2022.[1]  The Court referred Defendant's motion to Judge Wicks for a report and recommendation.  (Order dated Aug. 8, 2022.)

By report and recommendation dated October 3, 2022, Judge Wicks recommended that the Court deny Defendant's motion to vacate the default (the "October 2022 R&R").  (Oct. 2022 R&R 19, Docket Entry No. 28.)  Defendant filed objections to the October 2022 R&R on November 1, 2022, (Def.'s Mem. in Supp. of Objs. to the Oct. 2022 R&R ("Def.'s Mem."), Docket Entry No. 33), and Plaintiff responded to Defendant's objections on November 30, 2022, (Pl.'s Resp. to Def.'s Mem. ("Pl.'s Resp."), Docket Entry No. 34.)  For the reasons discussed below, the Court adopts the October 2022 R&R and denies Defendant's motion.

**I.  Background**

   **a.  Factual background**

Plaintiff is a construction company based in Ohio.  (Compl. ¶ 1.)  Defendant is an individual who resides in Nassau County, New York.  (*Id.* ¶ 2.)  Defendant is the president of MDC, a concrete subcontracting company.  (*Id.* ¶ 8.)  Plaintiff sought to work on the Wonder Lofts Project (the "Project") in Hoboken, New Jersey, and required a concrete subcontractor.  (*Id.* ¶ 6.)  In its subcontractor search, Plaintiff was introduced to Defendant and MDC and ultimately selected MDC for the job.  (*Id.* ¶¶ 7–9.)  Under Plaintiff's prime contract with the

---

[1]  (Def.'s Mot. to Vacate Certificate of Default ("Def.'s Mot."), Docket Entry No. 26; Pl.'s Mem. in Opp'n, Docket Entry No. 26-1; Def.'s Mot. to Amend Def.'s Reply Mem., Docket Entry No. 27.)

owner of the Project, a payment and performance bond "was not required of a subcontractor in the event that a surety reasonably approved by the [o]wner's lender provides a surety letter demonstrating the bond capacity of [the subcontractor]." (*Id.* ¶ 10.) Plaintiff shared this requirement with Defendant and requested a bond availability letter. (*Id.* ¶ 11.) In response, Defendant sent Plaintiff a letter from a Sean P. Flaherty (the "Flaherty letter") of Edwards & Company Insurance which stated that "MDC HI Inc. has a Surety Bond Program with a $10,000,000.00 aggregate limit." (*Id.* ¶ 13) Plaintiff reasonably relied on the Flaherty letter and awarded two subcontracts to Defendant and MDC. (*Id.* ¶¶ 14, 17.)

Plaintiff alleges that, after being awarded the subcontracts, Defendant repeatedly demanded that Plaintiff advance payments to MDC before it performed any work. (*Id.* ¶¶ 19–20.) Plaintiff provided a project mobilization fee and agreed to float payments to Defendant to meet payroll needs. (*Id.* ¶¶ 20–21.) However, Defendant had subcontracted the labor and the only payroll MDC had to cover was for Defendant himself. (*Id.* ¶ 22.)

During the course of working on the Project, Defendant signed at least eight lien waivers under oath, representing that he was properly paying all sub-sub-contractors for the Project. (*Id.* ¶ 26.) Plaintiff alleges it reasonably relied on these lien waivers in making payments to Defendant. (*Id.* ¶ 27.) In November or December of 2019, Plaintiff alleges that it came to learn that Defendant and MDC were in fact not paying all subcontractors, and "that [Defendant] kept promising to make payment but asked the subcontractors to remain patient and quiet." (*Id.* ¶¶ 28–30.) Plaintiff alleges that Defendant took the money paid by Plaintiff to MDC out of MDC's accounts and used that money for personal, rather than Project-related, purposes. (*Id.* ¶ 31.) Plaintiff confronted Defendant regarding the payment deficiencies, but in an attempt to work with Defendant, Plaintiff made past-due payments to MDC's subcontractors and assisted MDC

3

with project management.  (*Id.* ¶¶ 33–34.)  Ultimately, Plaintiff was forced to terminate the

subcontracts with Defendant and MDC, allegedly costing Plaintiff more than $2,500,000.00.  (*Id.*

¶¶ 38–44.)

In addition, Plaintiff contacted Edwards & Company to inquire about the status of

MDC's surety bond program.  (*Id.* ¶ 45.)  The President and CEO of Edwards & Company called

Plaintiff to inform it that it does not offer a surety program, did not have a surety bond with

MDC, and that Flaherty was not an officer of Edwards & Company and could not have written

the Flaherty letter.  (*Id.* ¶ 46.)  Plaintiff alleges that Defendant forged the Flaherty letter to induce

Plaintiff into awarding him and MDC the subcontracts.  (*Id.* ¶ 47.)

 **b.  Procedural background**

Plaintiff commenced this lawsuit on August 20, 2020, alleging that Defendant

fraudulently induced Plaintiff to enter into two subcontracts with MDC.  (*See generally* Compl.)

Plaintiff brings two counts of fraudulent inducement, the first relating to the Flaherty Letter, and

the second regarding the fraudulent lien waivers.  (Compl. ¶¶ 48–80.)  Defendant did not file an

answer or otherwise respond to Plaintiff's Complaint, and Plaintiff requested a certificate of

default from the Clerk's office.  (Pl.'s Req. for Certificate of Default.)  On April 14, 2021, the

Clerk entered a certificate of default and Plaintiff moved for default judgment on April 26, 2021.

(Clerk's Entry of Default; Pl.'s Mot. for Default J.)  On April 27, 2021, the Court referred

Plaintiff's motion to Judge Tomlinson for a report and recommendation, and the motion

subsequently was randomly reassigned to Judge Wicks.  (Order dated Apr. 27, 2021; Order dated

Nov. 18, 2021.)  By report and recommendation dated December 12, 2021, Judge Wicks

recommended that the Court grant Plaintiff's motion for a default judgment as to Defendant's

liability but that the determination of damages be based on written submission rather than an

evidentiary hearing as requested by Plaintiff.  (*See* Dec. 2021 R&R 9.)  Defendant appeared in

this matter eight days later, represented by counsel.  Defendant filed this motion to vacate the

certificate of default on April 11, 2022, pursuant to a schedule approved by the Court.  (Def.'s

Mot.)  The Court referred Defendant's motion to Judge Wicks for a report and recommendation.[2]

(Order dated Aug. 8, 2022.)

> ### c. The October 2022 R&R

Judge Wicks recommends that the Court deny Defendant's motion to vacate the

certificate of default.  (Oct. 2022 R&R 19.)

Judge Wicks considered the factors courts must weigh to determine whether vacatur of a

certificate of default is proper — whether the default was willful, the defendant has raised a

potential meritorious defense, and the plaintiff would be prejudiced by the vacatur — and found

that (1) Defendant's default was willful because he "had adequate notice of this lawsuit and

ample opportunity to appear by attorney, or appear *pro se*, or simply to explain his situation to

the court," but he "simply did not respond," (*id.* at 7–8); (2) Defendant's proffered meritorious

defenses that Plaintiff failed to "pierce the corporate veil" and "failed to join MDC as a

necessary party under Rule 19" of the Federal Rules of Civil Procedure are "without merit," (*id.*

at 12–17); and (3) although Plaintiff "may not have identified prejudice," Defendant has "not

demonstrated that equitable factors outweigh Defendant's willfulness of default and failure to

present a meritorious defense," (*id.* at 17–19).

---

[2]  Defendant's motion to vacate includes objections to the first R&R.  The Court addresses these objections in this Memorandum and Order.

### d.   Defendant's objections to the October 2022 R&R

Defendant objects to the October 2022 R&R, arguing that Judge Wicks (1) "erroneously held" that Defendant must establish all three traditional "good cause" factors, (Def.'s Mem. 4–5); (2) improperly applied the heightened standard of review "typically applied in the context of a Rule 60 motion to vacate a default judgment as opposed to the more lenient standard applied to a motion to vacate a certificate of default pursuant to Rule 55," (*id.* at 5–6); (3) erroneously concluded that Defendant failed to establish two of the "good cause" factors including (a) willfulness because Defendant demonstrated "that he was suffering from mental health issues and marital turmoil at the time that he was served with this lawsuit" so his default was not willful, (*id.* at 6–8); and (b) meritorious defenses because Defendant showed he had defenses of failure to pierce the corporate veil and failure to join MDC as a necessary party, (*id.* at 8–12); and (4) Judge Wicks failed to consider other equitable factors, (*id.* at 14–16).

In response, Plaintiff argues that Judge Wicks: (1) did not erroneously hold that a party must establish all three of the traditional "good cause" factors, but that even if he did, Defendant failed to establish good cause, (Pl.'s Resp. 17 n.7); (2) did not apply a heightened Rule 60(b) standard of review, (*id.* at 19–21); (3) "properly determined that Defendant's default was willful" because he failed to "establish the same level of difficulty as the moving parties faced" in analogous cases, (Pl.'s Resp. 5–8); (4) "properly concluded that Defendant did not demonstrate a meritorious defense," (*id.* at 8–15); (5) correctly considered "the effect of a finding of a lack of prejudice . . . on the overall 'good cause' analysis," (*id.* at 15–19); and (6) weighed the equitable factors raised by Defendant, (*id.* at 21–22).

## II. Discussion

### a. Standards of review

#### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected.  *Id.*; *see also United States v. Romano*, No. 15-992-CR, 2022 WL 402394, at *3 (2d Cir. Feb. 10. 2022) (citing *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *See S.J. v. N.Y.C. Dep't of Educ.*, No. 21-CV-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (noting that district court applied correct legal standard in conducting *de novo* review of portions of magistrate's report to which specific objections were made and reviewing portions not objected to for clear error).  The clear error standard also applies when a party makes only conclusory or general objections.  Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc*., 313 F.3d 758, 766 (2d Cir. 2002))); *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court").

Whether clear error review or *de novo* review applies when an objecting party reiterates the arguments made to the magistrate judge is unclear.  While the Second Circuit has suggested that clear error review is appropriate if a party's objection to a magistrate judge's report and recommendation repeats arguments already presented to and considered by the magistrate judge, *see Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) . . . ."), the Second Circuit has also stated that it is "skeptical" that the clear error standard would be appropriate when the objection is based on a previously asserted argument, *see Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (per curiam) ("[W]e are skeptical that clear error review would be appropriate in this instance, where arguably 'the only way for [the plaintiff] to raise . . . arguments [on that point] [was] to reiterate them.'" (third and fourth alterations in original) (first quoting *Watson v. Geithner*, No. 11-CV-9527, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013); and then citing 28 U.S.C. § 636(b)(1))); *see also Joseph v. Korn*, No. 19-CV-7147, 2021 WL 912163, at *1 (E.D.N.Y. Mar. 9, 2021) ("Although '[o]bjections that reiterate arguments considered and rejected by the magistrate are reviewed for clear error,' in an abundance of caution, this [c]ourt reviews [the] [p]laintiff's arguments *de novo*." (first quoting *Cruz v. Colvin*, No. 13-CV-1267, 2014 WL 5089580, at *1 (S.D.N.Y. Sept. 25, 2014); and then citing *Parker v. Comm'r of Soc. Sec'y Admin.*, No. 18-CV-3814, 2019 WL 4386050, at *6 (S.D.N.Y. Sept. 13, 2019))); *Harewood v. N.Y.C. Dep't of Educ.*, No. 18-CV-5487, 2021 WL 673476, at *6 (S.D.N.Y. Feb. 22, 2021) ("[W]hen the objections simply reiterate previous arguments or make only conclusory statements, the court should review such portions of the report only for clear error." (first citing *Dickerson v. Conway*, No. 08-CV-8024, 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); and then citing *Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009))), *aff'd*,

No. 21-CV-584, 2022 WL 760739 (2d Cir. Mar. 14, 2022); *Castorina v. Saul*, No. 19-CV-991, 2020 WL 6781078, at *1 (S.D.N.Y. Nov. 18, 2020) ("While courts in this [d]istrict sometimes state that objections that 'simply reiterate [the] original arguments' merit only clear error review, this rule lacks support in either 28 U.S.C. § 636(b)(1)(C) or Rule 72(b)(2) of the Federal Rules of Civil Procedure.  The Second Circuit has expressed similar skepticism." (alteration in original) (citations omitted)).

### ii.   Vacatur of certificate of default

A district court may "set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) ("[A]fter . . .  default is entered, the court may set aside an entry of default for good cause." (alterations, citations, and internal quotation marks omitted)).  "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment."  *Bricklayers*, 779 F.3d at 186 (alterations and internal quotation marks omitted) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  These factors are: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party."  *Id.* (citation omitted); *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (same); *see also Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 55 (2d Cir. 2017) (quoting *Enron Oil Corp.*, 10 F.3d at 96) (same).

The Second Circuit has "expressed a strong preference for resolving disputes on the merits."  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (citation and internal quotation marks omitted); *see also Sik Gaek, Inc.*, 682 F. App'x at 55 (quoting *Green*, 420 F.3d at 104)

(same).  Therefore, when deciding a motion to vacate, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits."  *Green*, 420 F.3d at 104; *see also United States v. Chesir*, 526 F. App'x 60, 61 (2d Cir. 2013) (noting that the three factors "'should be construed generously' in favor of party seeking relief from judgment" (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004))); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) ("It is well established that default judgments are disfavored.").

### b.  Defendant has not shown good cause to vacate the entry of default

As explained below, Defendant's default was willful and Defendant has not presented a meritorious defense.  Although Plaintiff has not suffered prejudice, Defendant has not shown good cause to vacate the entry of default and the Court therefore denies Defendant's motion.

### i.  Judge Wicks correctly applied the law

As a threshold matter, Defendant argues that Judge Wicks erroneously held that Defendant must establish all three traditional "good cause" factors, and the October 2022 R&R erroneously applied the heightened Rule 60(b) standard of review instead of the standard pursuant to Rule 55(c).  (Def.'s Mem. 4–5.)  Judge Wicks did not erroneously state the law nor did he erroneously apply the incorrect standard of review.

First, in the October 2022 R&R, Judge Wicks cited *State Street Bank & Trust Co. v. Inversiones Errazuriz, Limitada*, 230 F. Supp. 2d 313 (S.D.N.Y. 2002) for the proposition that:

> The burden is on the defaulting defendant to show that their default was not willful, that they have meritorious defenses, and that no prejudice would result from reopening the judgment . . . . "This burden is not trivial: if the moving party fails to make even one of the three aforementioned showings, vacatur should be denied."

(Oct. 2022 R&R 5 (quoting *id.* at 316).)  The *State Street Bank* court based this statement on the holding in *Barnes v. Printron, Inc.*, No. 93-CV-5085, 1999 WL 335362, at *3 (S.D.N.Y. May

25, 1999), which stated "a finding of willfulness obviates the need to continue the inquiry with respect the existence of a meritorious defense and prejudice to [p]laintiff[s]."  This statement of the law is accurate and remains good law in this Circuit.  *See, e.g.*, *Jaramillo v. Vega*, 675 F. App'x 76, 76 (2d Cir. 2017) ("A court need not consider all three criteria, however, because its determination that the default was willful is sufficient to support the denial of a motion to vacate." (citation omitted)); *Manzanares v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, No. 17-CV-5001, 2020 WL 6390162, at *7 (E.D.N.Y. Nov. 2, 2020) ("[W]illfulness alone is a sufficient basis to deny vacating the default.").  Regardless, Judge Wicks did not deny Defendant's motion for solely failing to show his default was willful, because Defendant also failed to demonstrate a meritorious defense.  (*See* Oct. 2022 R&R 12–17.)  Furthermore, Judge Wicks considered Defendant's motion holistically as demonstrated by the conclusion that "while Plaintiff may not have identified prejudice, the Defendant has not demonstrated that equitable factors *outweigh* the Defendant's willfulness of default and failure to present a meritorious defense such that the Court should vacate default."  (*Id.* at 19 (emphasis added).)

Second, Judge Wicks did not apply the heightened Rule 60(b) standard.  Defendant argues that Judge Wicks applied the heightened standard applicable under Rule 60(b) for a motion to vacate a default judgment as opposed to the more lenient standard applied to a motion to vacate a certificate of default pursuant to Rule 55.  Defendant does not support this conclusory claim with any argument or caselaw.  Defendant's argument is clearly incorrect, because Judge Wicks conducts a "good cause" analysis pursuant to Rule 55(c) instead of the analyses provided for in Rule 60(b).  Furthermore, Judge Wicks explicitly adopted the Rule 55(c) standard: "The Court is mindful that when a certificate of default has been entered by the Clerk of the Court, but no default judgment has been entered, then Rule 55(c) applies, which is more lenient than the

standard to be applied set aside a default judgment under Rule 60(b)."  (Oct. 2022 R&R 5 n.4.)

Accordingly, the Court finds that Judge Wicks did not erroneously apply the law regarding the traditional "good cause" factors or apply the wrong standard under the Federal Rules of Civil Procedure.

### ii.  Defendant's default was willful

Defendant argues that his default was not willful because "he was suffering from mental health issues and marital turmoil at the time that he was served with this lawsuit."  (Def.'s Mem. 6–8.)  In support, Defendant argues that although he did not "establish the same level of difficulty that the moving parties" in analogous cases established, this did not mandate a finding that his default was "willful," and it was not fatal to his motion that he "failed to attach a declaration from his treating doctor" regarding his mental health issues.  (*Id.* at 7.)

In response, Plaintiff argues that Defendant's default was willful" because the October 2022 R&R carefully distinguished the cases cited by Defendant from the circumstances present here, Defendant did not provide any evidence regarding his mental health issues, Defendant's divorce is insufficient to excuse default, and Defendant ignored other reasons upon which the October 2022 R&R based its findings such as the various opportunities Defendant had to participate in the case.  (Pl.'s Resp. 5–8.)

A default is willful if it is "'more than merely negligent or careless,' but is instead 'egregious and . . . not satisfactorily explained.'"  *Bricklayers*, 779 F.3d at 186 (quoting *S.E.C v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *see also Jaramillo*, 675 F. App'x at 76 (citation omitted) (same).  "Although more than mere negligence is required, 'the degree of negligence in precipitating the default is a relevant factor to be considered.'"  *Jaramillo*, 675 F. App'x at 76 (quoting *Green*, 420 F.3d at 108).  A default may be satisfactorily explained when it was caused

by "a mistake made in good faith." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010)

(quoting *Enron Oil Corp.*, 10 F.3d at 96); *see also Johnson v. N.Y.U.*, 324 F.R.D. 65, 70

(S.D.N.Y. 2018) ("[A] defendant's inadvertent mistake may be excusable." (quoting *Vedder*

*Price P.C. v. US Cap. Partners, LLC*, No. 16-CV-6787, 2017 WL 4180021, at *3 (S.D.N.Y.

Sept. 20, 2017))), *aff'd*, 800 F. App'x 18 (2d Cir. 2020).  In contrast, where a defendant provides

no justification for the failure to respond or "deliberately fail[s]" to respond to the complaint, the

defendant's default may be considered egregious and not satisfactorily explained.  *Green*, 420

F.3d at 109 (finding default willful where the defendants "offered no explanation for their

counsel's failure to appear or seek an extension of time to respond to the complaint" nor "any

justification for their failure to take action after receiving notice that the clerk had entered a

default against them"); *Johnson*, 324 F.R.D. at 70 (finding default egregious and not

satisfactorily explained where the defendants "failed, for untenable reasons, after defendants had

'purposely evaded service for months,' to answer the complaint" (quoting *McNulty*, 137 F.3d at

739)).

     The Court finds that Defendant's default was willful.  As Judge Wicks noted in the

October 2022 R&R, Defendant had "adequate notice" and "ample opportunity" to participate in

the case:

> *First*, Defendant was personally served with the Summons and
> Complaint on September 14, 2020. Neither service nor notice of the
> action is contested by Defendant.  Rather, he in fact concedes that
> he became aware of this lawsuit filed against him in September
> 2020.  He did nothing.  *Second*, on March 26, 2021, Defendant was
> served by mail and email Plaintiff's Status Report wherein it stated
> that, *inter alia*, (i) "[b]ased on Defendant's prolonged failure to
> answer, plead, or otherwise move, Plaintiff intends to move this
> Court for a Default Judgment against Defendant in the near future."
> *Third*, on April 8, 2021, Defendant was served by mail and email
> with Plaintiff's Supplemental Status Report wherein Plaintiff again
> stated that, *inter alia*, "[b]ased on Defendant's prolonged failure to

> answer, plead, or otherwise move, Plaintiff intends to move this
> Court for a Default Judgment against Defendant." *Fourth*, on April
> 14, 2021, Defendant was served, by mail and email, with Plaintiff's
> Request for Certificate of Default. *Fifth*, Plaintiff emailed the
> Court's Certificate of Default to Defendant on April 15, 2021. *Sixth*,
> on April 26, 2021, Plaintiff filed its Motion for Default Judgment
> and emailed and mailed the same to Defendant that same day.

(Oct. 2022 R&R 7–8 (citations omitted).)  Defendant did not appear in this matter until after

Judge Wicks issued the December 2021 R&R.  Defendant's decision to ignore numerous

documents from the Court over a span of fifteen months indicates the willfulness of his default.

*See, e.g.*, *Jaramillo*, 675 F. App'x at 77 (holding defendant's default willful where defendant

"ignored numerous documents from the court"); *Guggenheim Cap., LLC*, 722 F.3d at 455

(holding a default "willful" where the defendant did not deny that he received the complaint, the

court's orders, or the notice of default judgment and did not contend that his noncompliance was

due to circumstances beyond his control).

Defendant's arguments to the contrary are unavailing.  Although the Court is sympathetic

to Defendant's personal circumstances, Defendant has not established that his circumstances rise

to the level of excusing his inaction in this matter and the cases Defendant cites in support are

readily distinguishable from the circumstances before the Court.  *See, e.g.*, *HICA Educ. Loan

Corp. v. Feintuch*, No. 12-CV-5243, 2013 WL 1898997, at *4 (E.D.N.Y. May 7, 2013) (finding

the defendant's default was not willful where the defendant's three-year-old daughter required

intensive medical care and the defendant's father had passed recently;  *Murray Eng'g, P.C. v.

Windermere Props. LLC*, No. 12-CV-52, 2013 WL 1809637, at *4–5 (S.D.N.Y. Apr. 30, 2013)

(finding the defendant's default was not willful where the defendant's attorney was occupied

with his son's severe medical issues).  Accordingly, the Court finds that Defendant's default was

willful.

14

### iii.   Defendant has not presented a meritorious defense

Defendant argues that Judge Wicks incorrectly disregarded his meritorious defenses of failure to pierce the corporate veil and failure to join MDC as a necessary party.  (Def.'s Mem. 8–12.)  In support, he argues that Plaintiff failed to "plead sufficient facts to warrant piercing the corporate veil," (*id.* at 9), and that Plaintiff's fraudulent inducement claims "are duplicative of those in the claim against MDC, which went before an arbitration panel and which were recently confirmed by this [c]ourt," (*id.*).  In addition, Defendant argues that he had a meritorious defense under Rule 19 of the Federal Rules of Civil Procedure because Plaintiff failed to join MDC which is a necessary and indispensable party.  (*Id.* at 10.)

Plaintiff argues that Defendant's argument regarding piercing the corporate veil fails because under New York law a corporate officer who participates in a tort may be held liable without piercing the corporate veil, Defendant personally participated in the alleged fraud, and Defendant was not a party to the contract so the fraudulent inducement claim cannot be duplicative of the breach of contract claim.  (Pl.'s Resp. 8–9.)  In addition, Plaintiff argues that Defendant cites no caselaw in support of its position that MDC is a necessary and indispensable party under Rule 19, and that Judge Wicks' reliance on *STMicroelectronics v. Credit Suisse Group*, 775 F. Supp. 2d 525, 543 (E.D.N.Y. 2011) to conclude that MDC was not a necessary and indispensable party was proper.  (*Id.* at 8–14.)

"The existence of a meritorious defense is a key factor" in the default judgment analysis.  *Green*, 420 F.3d at 109.  A defaulting defendant bears the "burden of offering evidence sufficient to establish a complete defense."  *Bricklayers*, 779 F.3d at 187 (citing *State St. Bank & Tr. Co.*, 374 F.3d at 167).  "[T]he defaulting party need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense."  *Beyonics Int'l*

*PTE Ltd. v. Smith*, 833 F. App'x 492, 493 (2d Cir. 2020) (citing *Enron Oil Corp.*, 10 F.3d at 98);

*Sik Gaek, Inc.*, 682 F. App'x at 55 (stating that, in order to make a sufficient showing of a

meritorious defense, a "defendant need not establish his defense conclusively, but he must

present evidence of facts that, if proven at trial, would constitute a complete defense" (quoting

*Green*, 420 F.3d at 109)); *see also Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d Cir. 2018)

("A defense is meritorious if it is good at law so as to give the factfinder some determination to

make." (quoting *Am. All. Ins. Co.*, 92 F.3d at 61)); *State St. Bank & Tr. Co.*, 374 F.3d at 167

("Whether a defense is meritorious 'is measured not by whether there is a likelihood that it will

carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete

defense.'" (quoting *Enron Oil Corp.*, 10 F.3d at 98)).  However, a defendant "must present more

than conclusory denials when attempting to show the existence of a meritorious defense."

*Bricklayers*, 779 F.3d at 187 (quoting *Green*, 420 F.3d at 110).

Where a defendant has not filed a responsive pleading or otherwise responded to the

operative complaint, and has not responded to a default judgment motion, courts are generally

unable to determine whether a meritorious defense exists.  (Pl.'s Objs. 9–10); *see, e.g.*, *Bautista

v. ABC Corp.*, No. 19-CV-3963, 2021 WL 1225872, at *2 (S.D.N.Y. Apr. 1, 2021) (stating that

"where a defendant fails to answer the complaint, courts are unable to determine whether the

defendant has a meritorious defense" and collecting cases); *Dollar Tree Stores, Inc. v. Serraty*,

No. 16-CV-6818, 2018 WL 1180165, at *6 (E.D.N.Y. Feb. 14, 2018) ("As the [d]efendant has

not answered the complaint, the [c]ourt cannot make a determination as to whether [the]

[d]efendant has a meritorious defense.  While he has interposed a motion, [he] has failed to

indicate that he has any defense on the merits to the claims herein." (citation omitted)), *report

and recommendation adopted*, 2018 WL 1175159 (E.D.N.Y. Mar. 6, 2018).

The Court finds that Defendant has failed to set forth meritorious defenses.

### 1. Plaintiff was not required to pierce the corporate veil and its fraudulent indictment claim is not duplicative

First, Defendant is incorrect that Plaintiff was required to allege piercing of the corporate veil, or that Plaintiff's fraudulent inducement claims are duplicative of its breach of contract claim.  Under New York law, "[a] corporate officer who participates in the commission of a tort may be held individually liable, . . . regardless of whether the corporate veil is pierced."  *FLB, LLC v. Cellco P'ship*, 536 F. App'x 132, 133 (2d Cir. 2013) (quoting *Fletcher v. Dakota, Inc.*, 948 N.Y.S.2d 263, 267 (App. Div. 2012))); *Hempchain Farms, LLC v. Sack*, --- F. Supp. 3d ---, ---, 2021 WL 326607, at *5 (N.D.N.Y. Feb. 1, 2021) ("New York law is clear that 'corporate officers and directors may be held individually liable if they participated in or had knowledge of the fraud, even if they did not stand to gain personally[.]'" (alteration in original) (quoting *Polonetsky v. Better Homes Depot, Inc.*, 97 N.Y.2d 46, 55 (2001))); *Alpha Cap. Anstalt v. Oxysure Sys., Inc.*, 252 F. Supp. 3d 332, 339 (S.D.N.Y. 2017) (quoting *White v. Nat'l Home Prot., Inc.*, No. 09-CV-4070, 2010 WL 1706195, at *5 (S.D.N.Y. Apr. 21, 2010)) (same); *DER Travel Servs., Inc. v. Dream Tours & Adventures, Inc.*, No. 99-CV-2231, 2005 WL 2848939, at *13 (S.D.N.Y. Oct. 28, 2005) (collecting cases) ("Under New York law, a corporate officer or employee is not insulated from liability for their own acts of fraud by virtue of their status as a corporate officer or employee; there is no need to pierce the corporate veil in order to hold corporate officers or employees individually liable for their own acts of fraud."); *Westminster Constr. Co. v. Sherman*, 554 N.Y.S.2d 300, 301 (App. Div. 1990) ("Corporate officers may be held personally liable for personal torts committed in the performance of their duties for their corporation.").  However, a corporate officer cannot be held liable for a tort merely by virtue of his role at the defendant company.  *See Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y.

2014) (granting the defendants' motion to dismiss "given the absence of any specific allegations as to [the corporate officer's] precise role as [p]resident . . . and his involvement in the alleged misconduct"); *Simon v. Castello*, 172 F.R.D. 103, 106 (S.D.N.Y. 1997) (dismissing fraud counts "erroneously premised on the notion" that one director and officer of a company, and a second director of that company, were "personally responsible for the representations of [that company]").

Plaintiff alleges that Defendant committed fraudulent inducement by submitting the fraudulent Flaherty letter and lien waivers. Defendant, as president, sole owner and employee of MDC, is a corporate officer who allegedly was personally involved in perpetuating a fraud, therefore there is no requirement for Plaintiff to pierce the corporate veil. Furthermore, Plaintiff's fraud claim is not duplicative of its breach of contract claim against MDC because Defendant was not a party to the contract between Plaintiff and MDC. *See In re Fyre Festival Litig.*, 399 F. Supp. 3d 203, 212 (S.D.N.Y. 2019) ("Because neither [defendant was a] party to the contract at issue, the fraud claims against them are not duplicative of the breach of contract claim."); *see also McKnight as Tr. of Stacia L. McKnight Revocable Tr. v. 65 Dune Road LLC*, No. 19-CV-4172, 2020 WL 9816015, at *15 (E.D.N.Y. Nov. 16, 2020) ("However, corporate officers may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts"). Therefore, Defendant's piercing the corporate veil defense is not meritorious.

### 2.   MDC is not a necessary or indispensable party

Second, Defendant is incorrect that Plaintiff needed to join MDC as a necessary and indispensable party under Rule 19.

In determining whether parties are indispensable, Rule 19(b) of the Federal Rules of Civil

Procedure sets forth four considerations which have been restated as: "(1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 133 (2d Cir. 2013) (quoting *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009)). Courts must apply these four factors in a flexible manner. *CP Sols.*, 553 F.3d at 159 ("[A] court should take a flexible approach when deciding what parties need to be present for a just resolution of the suit." (citation omitted)). None of the four factors is dispositive or necessary. *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 88–89 (2d Cir. 2002) ("Rule 19(b), however, does not require that every factor support the district court's determination."). Ultimately, taking these factors into consideration, courts must determine "whether, in equity and good conscience," the action may proceed in the absence of the party in question. Fed. R. Civ. P. 19(b); *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 90 (2d Cir. 1990) ("[W]hether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of a particular litigation." (citation omitted)).

As Judge Wicks notes in the October 2022 R&R, *STMicroelectronics* is enlightening here. 775 F. Supp. 2d at 543. In *STMicroelectronics*, the plaintiff sought to hold defendant Credit Suisse Group liable under the Securities Exchange Act as a "controlling person" of non-party subsidiary Credit Suisse Securities, for aiding and abetting common law fraud, among other things. *Id.* at 530–31. Plaintiff had already commenced an arbitration action against Credit Suisse Securities for violations of the Securities Exchange Act along with other claims and

secured an award. *Id.* at 534. In light of this award, Credit Suisse Group sought to dismiss the action for failure to join Credit Suisse Securities under Rule 19, but the Court held that because the "arbitration proceedings involving [Credit Suisse Securities] are complete, and the amount of compensatory damages under Section 10(b) has been fully litigated . . . there is little danger of [Credit Suisse Securities] being bound by findings made in its absence." *Id.* at 544. The court concluded that the Credit Suisse Securities' absence from the litigation would not subject Credit Suisse Group to "multiple" or "inconsistent obligations," or "mean that 'the court cannot accord complete relief among existing parties.'" *Id.* (quoting Fed. R. Civ. P. 19(a)).

The same principles apply to the current litigation. There is no danger to MDC because the arbitration proceedings involving MDC are complete and Plaintiff has already obtained a final judgment in that case.[3] In addition, MDC's absence will not result in "multiple" or "inconsistent obligations," because the claims brought against MDC and the claims brought against Defendant are different. Therefore, Defendant's Rule 19 defense is not meritorious.

Accordingly, the Court finds that Defendant has failed to establish a meritorious defense.

### iv. Plaintiff's lack of prejudice does not require vacatur of the default

Defendant argues that "because no prejudice will flow to Plaintiff if [the] Court were to grant Defendant's motion, the 'prejudice' factor militates heavily in favor of this Court granting Defendant's motion and rejecting the [R&R]." (Def.'s Mem. 14.)

Plaintiff argues that willfulness alone is a sufficient basis to deny vacating the default. (Pl.'s Resp. 8.)

Judge Wicks properly weighed the three good cause factors and other equitable factors in

---

[3] (See Judgment, *Geis Construction South, LLC v. MDC Home Improvements, Inc.*, 21-CV-2407 (E.D.N.Y. Sept. 28, 2022), Docket Entry No. 23.)

recommending that "the Court find that while Plaintiff may not have identified prejudice, the Defendant has not demonstrated that equitable factors outweigh the Defendant's willfulness of default and failure to present a meritorious defense such that the Court should vacate default." (Oct. 2022 R&R 19.)  The Court agrees that Defendant has not shown good cause sufficient to vacate the default.  As established above, Defendant's default was willful and Defendant failed to present any meritorious defenses.  Defendant's willful default and lack of meritorious defense sufficiently support the denial of his motion to vacate.  *See, e.g.*, *Jaramillo*, 675 F. App'x at 77 (holding defendant's default willful where defendant "ignored numerous documents from the court"); *Manzanares*, 2020 WL 6390162, at *7 ("[W]illfulness alone is a sufficient basis to deny vacating the default."); *Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F. Supp. 2d 528, 534 (E.D.N.Y. 2007) ("Despite any meritoriousness of an anticipated defense, a default judgment should not be vacated if the default was willful." (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991))); *Finkel v. Hall-Mark Elec. Supplies Corp.*, No. 07-CV-2376, 2011 WL 2847407, at *3 (E.D.N.Y. July 12, 2011) ("If a default is determined to be willful, that fact alone can justify denying a motion to vacate a default judgment".).[4]

### v.   Defendant's objections to the December 2021 R&R

Having concluded that Defendant's motion to vacate the entry of default should be

---

[4]   Defendant also argues that Judge Wicks failed to consider other equitable factors. (Def.'s Mem. 14–16).  In support, Defendant argues that Judge Wicks did not consider the Second Circuit's long-standing preference that cases be decided on their merits or that given that Plaintiff has already obtained an arbitration award against MDC, permitting Plaintiff to enter a default judgment would result in a windfall double recovery for the same alleged wrong.  (Def.'s Mem. 15.)  However, Judge Wicks considered whether the entry of default might lead to a large money judgment but concluded that the circumstances here are unlike the cases relied on by the Second Circuit.  (*See* Oct. 2022 R&R 18 n.7).  Judge Wicks also considered the possibility of a double recovery by noting that "the measure of damages recoverable for [fraudulent inducement] is distinct from [breach of] contract damages."  (Oct. 2022 R&R 19.)

denied, the Court addresses Defendant's objections to the December 2021 R&R recommending that the Court enter a default judgment against Defendant.

Defendant provided his objections on one page of his motion to vacate the default. (Def.'s Mot. 12.)  Defendant's objections to the December 2021 R&R are the same objections that he makes to the October 2022 R&R that the Court considers above.  (*See id.* at 12 ("[T]he Magistrate's finding that (1) no meritorious defense existed; (2) that the default was willful; and (3) that Plaintiff would suffer prejudice if a default was not entered was clearly erroneous."). Because the Court rejects these objections above, the Court adopts the December 2021 R&R and grants Plaintiff's motion for default judgment.[5]

### vi.  Damages

Judge Wicks recommends that the Court deny "Plaintiff's motion for a determination of damages based on written submission rather than an evidentiary hearing . . . with leave to renew."  (Dec. 2021 R&R 9.)  The parties did not object to this portion of the December 2021 R&R and the time for doing so has passed.  Finding no clear error, the Court adopts the unopposed recommendation and denies Plaintiff's motion for a determination of damages based on written submission rather than an evidentiary hearing.  *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further

---

[5]  The only differences between Defendant's objections to the December 2021 R&R and the October 2022 R&R are that: (1) in the December 2021 R&R, Judge Wicks concluded that Plaintiff would be prejudiced; (2) Defendant makes additional arguments in the most recent objections including that Judge Wicks misapplied the law.  In this Memorandum and Order, the Court assumed that Plaintiff would not be prejudiced from vacatur of a default, *see supra* section II(b)(iv); and considered Defendant's objections regarding misapplication of the law, *see supra* section II(b)(i); therefore, any differences between the October 2022 R&R and the December 2021 R&R weigh in Defendant's favor.

judicial review of the magistrate[] [judge's] decision." (citation omitted)).

### III.  Conclusion

For the reasons stated above, the Court (1) denies Defendant's motion to vacate the entry of default; (2) grants Plaintiff's motion for default judgment as to liability against Defendant; and (3) denies with leave to renew Plaintiff's motion for a determination of damages based on written submission rather than an evidentiary hearing.

Dated:  March 31, 2023
       Brooklyn, New York

SO ORDERED:


     /s/ MKB
MARGO K. BRODIE
United States District Judge