UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GEIS CONSTRUCTION SOUTH, LLC,

                            Plaintiff,                                 **ORDER**

       -against-                                 20-CV-3834 (MKB) (JMW)

DELAHUNT,

                            Defendant.
-------------------------------------------------------------X

**A P P E A R A N C E S:**

Christopher Nucifora, Esq.
**Kaufman Dolowich & Voluck, LLP**
25 Main Street
Court Plaza North, Suite 500
Hackensack, NJ 07601
*Attorney for Plaintiff*

Aaron Evenchik, Esq.
Charles Pugh, Esq.
**Hahn Loeser & Parks LLP**
200 Public Square, Suite 2800
Cleveland, OH 44114
*Attorneys for Plaintiff*

Joseph Z. Amsel, Esq.
**Law Offices of Joseph Z. Amsel**
43 West 43rd Street, Suite 265
New York, NY 10036
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

A Court is not allowed to "just accept [plaintiff's] statement of the damages." *Transatl. Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). Rather, the plaintiff must submit documentation in support of the damages sought. Presently before the Court is Plaintiff's motion for a hearing on damages. (ECF No. 36.) Plaintiff seeks compensatory damages, punitive damages, costs, and pre- and post-judgment interest. (*Id.* at 4.) However, based upon the submissions, the Court finds that it is unable to (1) verify the accuracy of the amount sought, and (2) discern the amounts attributable to the categories of damages sought. Namely, Plaintiff submitted over 350 pages of, *inter alia*, status reports, invoices, and estimates, without identifying in any way the component of damages to which each of these documents applies.

Rather than recommend denial of the application outright, the undersigned considers the appropriate course is to permit Plaintiff to remedy those deficiencies. Indeed, courts have allowed parties to submit additional documentation if they are unable to award damages based upon the documents filed (like here) or the lack thereof. *See Medina v. City of New York*, No. 20-cv-797 (VEC) (SLC), 2022 U.S. Dist. LEXIS 63734, at *7 (S.D.N.Y. Jan. 12, 2022) (noting that plaintiff failed to provide any supporting documentation for lost wages damages and directing her to do so by a date certain); *Sheet Metal Workers Nat'l Pension Fund v. Evans,* No. 12-cv-3049 (JFB) (GRB), 2014 U.S. Dist. LEXIS 80118, at *35 (E.D.N.Y. June 11, 2014) (recognizing that the court could deny plaintiff's request for costs for failure to submit supporting documentation but allowing them to submit relevant additional documentation); *Ramada Worldwide, Inc. v. Sayo, Inc.*, No. 05-cv-5506, 2007 U.S. Dist. LEXIS 96010, at *40 (D.N.J. July 10, 2007) (requesting plaintiff submit additional documentation to show how it calculated treble damages before awarding any amount of such damages). Thus, Plaintiff is

directed to submit additional, more detailed documentation separating each of the damages categories as set forth in ECF No. 36-1 at 2. Toward that end, Plaintiff shall provide a chart or table for *each* category of damages it seeks, including the amounts charged to each of those categories and the pages from ECF No. 36-1 that pertain to the listed charges.[1] The additional submission shall be filed on ECF on or before **November 3, 2023**.

Dated: Central Islip, New York
October 15, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

---

[1] Below is merely an exemplar of the type of chart that is expected:

| | Compensatory Damages | | | |
|---|---|---|---|---|
| | **Concrete Damages** | **Page Number(s)** | **Masonry Damages** | **Page Numbers(s)** |
| **Payments Made Based on Delahunt Fraudulent Inducement** | $ ____<br>$ ____<br>…<br>**Total**: $ 5,536,775.19 | | $ ____<br>$ ____<br>…<br>**Total**: $ 130,447.14 | |
| **Out of Pocket Expense to Complete Concrete or Masonry Work** | $ ____<br>$ ____<br>…<br>**Total**: $ 977,355.88 | | $ ____<br>$ ____<br>…<br>**Total**: $ 839,114.36 | |

In addition, Plaintiff is advised to consult the submission in another E.D.N.Y. case which separated out each of the varying set of documents by exhibit and included affidavits/declarations detailing how the damages were calculated. *See* Aff./Decl. in Supp. of Mot. for Damages, *Pierre v. Planet Automotive, Inc. et al.*, No. 13-cv-00675 (MKB) (JO) (E.D.N.Y., Jan. 12, 2017), ECF No. 100.