UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
GEIS CONSTRUCTION SOUTH, LLC,

                Plaintiff,                    **ORDER**
                                                            20-CV-3834 (MKB) (JMW)
            v.

JAIME DELAHUNT,

                Defendant.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff Geis Construction South, LLC commenced the above-captioned action against Defendant Jaime Delahunt on August 20, 2020, alleging that Defendant fraudulently induced Plaintiff to enter into two subcontracts with Defendant's company MDC Home Improvements, Inc. ("MDC"), a non-party.[1] (*See* Compl., Docket Entry No. 1.) By Memorandum and Order dated March 31, 2023, the Court granted default judgment to Plaintiff as to liability against Defendant but denied Plaintiff's motion for a determination of damages based on its written submissions (the "March 2023 Decision").[2] (Mar. 2023 Decision, Docket Entry No. 35.) On July 6, 2023, Plaintiff filed a motion for a hearing to determine the amount of damages arising out of Defendant's fraudulent inducement, and provided documents in support of its request for

---

[1] The case was reassigned from Judge Denis R. Hurley to the undersigned on July 11, 2022.

[2] The Clerk of Court entered default against Defendant on April 14, 2021. (Clerk's Entry of Default, Docket Entry No. 14.) Defendant appeared in this action for the first time in December of 2021 and subsequently moved to vacate the entry of default against him. (*See* Notice of Appearance, Docket Entry No. 21; Def.'s Mot. to Vacate Certificate of Default, Docket Entry No. 26.) In the March 2023 Decision, the Court denied Defendant's motion to vacate the entry of default. (Mar. 2023 Decision 23.)

damages totaling $17,528,075.75, consisting of $7,483,692.57 in compensatory damages; $7,483,692.57 in punitive damages; $2,559,422.86 in pre-judgment interest; $967.75 in post-judgment interest; and $300 in costs. (Pl.'s Mot. for Hr'g on Damages ("Pl.'s Damages Mot.") 7, 10, Docket Entry No. 36.) The Court referred Plaintiff's motion to Magistrate Judge James M. Wicks for a report and recommendation. (Order dated Oct. 2, 2023.) Judge Wicks held hearings on January 4, 2024 and May 1, 2024 and the parties filed proposed findings and conclusions on May 31, 2024.[3] By report and recommendation dated June 12, 2024, Judge Wicks recommended that the Court award Plaintiff a total of $5,667,522.33 in damages, consisting of $5,667,222.33 in compensatory damages and $300 in costs, plus pre- and post-judgment interest ("R&R"). (R&R 24–25, Docket Entry No. 51.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted)

---

[3] (Min. Entry dated Jan. 4, 2024, Docket Entry No. 42; Min. Entry dated May 1, 2024, Docket Entry No. 45; *see also* Pl.'s Proposed Findings of Fact, Docket Entry No. 48; Def.'s Mem. In Opp'n to Pl's Request for Damages, Docket Entry No. 49.)

2

(quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R and awards Plaintiff compensatory damages totaling $5,667,222.23; pre-judgment interest at a rate of nine percent per annum from February

3

28, 2020 through the date of final judgment; post-judgment interest at the rate set forth in 28 U.S.C. § 1961; and $300 in costs. The Court denies Plaintiff's request for punitive damages.

Dated: July 9, 2024
      Brooklyn, New York

                                        SO ORDERED:

                                        _____S/MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge